SHAW, Justice
(dissenting).
I respectfully dissent.
In response to the State’s motion for a summary judgment, Christopher Okafor argued, among other things, that (1) the search of Shanna Hereford’s residence was an illegal warrantless search; (2) that he was questioned in violation of Miranda *99 v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and, thus, that the “evidence ... obtained as a result of the unlawful questioning ... should be inadmissible in this case”; and (3) that Hereford’s consent to the search was not knowingly, intelligently, and freely given. Okafor raised these issues again on appeal to the Court of Civil Appeals.
If it is accepted that Okafor did not reside at Hereford’s house,[1] issues (1) and (3) appear meritless as a matter of law: as noted in the main opinion, Okafor does not have “standing” ‘to challenge the constitutional propriety of the search of Hereford’s residence. Specifically, Okafor’s rights were not violated by this search, and he cannot claim for himself a violation of Hereford’s rights. Thus, whether a question of fact exists as to the issue of the validity of the search is of no consequence.[2]
As to issue (2), it appears that Okafor argued that the seized currency was the fruit of the purportedly illegal questioning.[3] If he was questioned while in custody without being informed of his rights, and thus in violation of Miranda, then Okafor’s personal rights against self-incrimination were impacted. The Court of Civil Appeals held that there was a question of fact as to this issue, making summary judgment inappropriate:
“Based on the testimony presented in Hereford’s affidavit, we conclude that Okafor presented sufficient evidence to create a genuine issue of material fact regarding whether he could have reasonably believed that he was in ‘custody’ at the time he was questioned about the presence of marijuana in the house and whether his Fifth Amendment right against self-incrimination was violated. If the trial court resolves that factual issue in Okafor’s favor, then the condemnation and forfeiture of the currency cannot properly be based on the evidence seized during the warrantless search of the house.
“Because Okafor presented sufficient evidence to overcome the State’s summary-judgment motion, the trial court erred in entering a summary judgment in favor of the State. Accordingly, that judgment is due to be reversed.”
Okafor v. State, 225 So.3d 72, 83 (Ala.Civ.App.2016) (citation omitted). I do not see the Court of Civil Appeals addressing the other two issues Okafor raised (nor was it required to, as those issues were preter-mitted).
In its certiorari petition, the State alleged two grounds: (1) that the protections of Miranda do not apply to civil proceedings and (2) that Okafor lacked standing to challenge the search of Hereford’s residence. This Court denied certiorari review as to the first ground, but granted review as to the second. After further review, although it appears that the first ground in *100 the certiorari petition attacked the rationale of the Court of Civil Appeals’ decision, the second ground attacked an argument by Okafor—that the search violated the Fourth Amendment—that was not adopted in the decision, we are called upon to review.
The controlling issue in this case is whether, in a civil-forfeiture matter, evidence seized as the fruit of, a Miranda violation is admissible. That appears to be the only issue addressed by the Court of Civil Appeals; this Court denied certiorari review of the State’s challenge to that issue. Whether the search was permissible under the Fourth Amendment and whether Okafor lacked standing to challenge the search do not seem relevant. Based bn the above, I would quash the writ; therefore, I must respectfully dissent. ■

. Hereford states in her affidavit that both she and Okafor were residing there.

. The State did not raise this “standing” issue in the trial court; I do not think it had to. It does not appear that, to meet the elements of the forfeiture statute, the State was required to prove as part of its burden that the currency was legally seized. The illegality of the seizure, in this context, is a defense that must be proven by Okafor. Because these arguments appear meritless as a matter of law, they did not rebut the State's prima facie case.

. Given Judge Donaldson’s dissent to the Court of Civil Appeals’ decision, I have serious concerns whether Okafor properly raised this issue on appeal in that court. However, the State does not challenge the court’s holding that this issue was properly raised, and so whether this issue was properly raised is not before us.